CLERKS OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
6/26/2017
JULIA C. DUDLEY, CLERK
BY: s/ JODY TURNER
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

**DESIREE WATFORD**, )
) CIVIL ACTION NO. 5:17CV00062
Plaintiff, )
)
v. )
)
**MICHAEL ROANE**, )
in his individual capacity, and )
**JOHN DOE**, )
in his individual capacity, ) **JURY TRIAL DEMANDED**
)
Defendants. )

# COMPLAINT

Plaintiff, **Desiree Watford**, through her undersigned attorney, files this Complaint involving Sheriff's deputies who have violated Plaintiff's constitutional rights and have caused Plaintiff great harm in a campaign to harass and intimidate her. Ms. Watford will use 42 U.S.C. § 1983 as the vehicle to vindicate her rights under the Fourth and Fourteenth Amendments to the United States Constitution, and to redress the deprivation of her Constitutional rights by the Defendant Deputies of the August County Sheriff's Office. In support of Complaint, Ms. Watford alleges the following:

**PARTIES**

1.

At all times relevant to this Complaint, Ms. Watford was a citizen of the United States and a resident of Fishersville, Virginia. Ms. Watford, at all times relevant to this Complaint, had clearly established legal rights under state and federal law and the United States Constitution. Ms. Watford submits herself to the jurisdiction and venue of this Court and is entitled to bring this action under state and federal law for all general, special, compensatory, punitive, and any other permissible damages.

2.

At all times relevant to this Complaint, Defendant Roane was a United States citizen, a Virginia resident, and a sworn Deputy of the Augusta County Sheriff's Office. At all relevant times to this Complaint, Defendant Roane was acting under the color of state law. At all relevant times, Defendant Roane was subject to the laws of the Commonwealth of Virginia and the Constitution of the United States. At all relevant times, Roane was responsible for knowing and acting in accordance with all policies, procedures, orders, special orders, general orders, guidelines and regulations of the Augusta County Sheriff's Office. Ms. Watford is using 42 U.S.C § 1983 as the vehicle to sue Roane in his individual capacity regarding federal claims.

3.

At all times relevant to this Complaint, Defendant John Doe was a United States citizen, a Virginia resident, and a sworn Deputy of the Augusta County Sheriff's Office. John Doe was a law enforcement officer, with a height of approx. 5'11, heavy set, with bald head. At all relevant times to this Complaint, Defendant John Doe was acting under the color of state law. At all relevant times, Defendant John Doe was subject to the laws of the Commonwealth of Virginia and the Constitution of the United States. At all relevant times, John Doe was responsible for knowing and acting in accordance with all policies, procedures, orders, special orders, general orders, guidelines and regulations of the Augusta County Sheriff's Office. Ms. Watford is using 42 U.S.C § 1983 as the vehicle to sue John Doe in his individual capacity regarding federal claims.

## JURISDICTION AND VENUE

4.

This Court has original subject matter jurisdiction over the federal claim in this action in accordance with 28 U.S.C. § 1331 because the claim raises a federal question under the laws and Constitution of the United States.

5.

This Court has supplemental subject matter jurisdiction over the state claim in this action under 28 U.S.C. § 1367(a) because the state and federal claims form part of the same case or controversy under Article III of the United States Constitution.

6.

This Court has personal jurisdiction over the Defendants because they are domiciled in Virginia.

7.

Venue is proper in the Western District of Virginia under 28 U.S.C. § 1391(b)(1) because the Defendants reside in this district and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

## STATEMENT OF FACTS

8.

On or about June 5, 2017, Defendants were executing a search warrant at 50 Enchanted View, Fisherville, VA 22929, while working as Deputies for the Augusta County Sheriff's Department.

**A. Facts related to allegation of unlawful seizure under the Fourth Amendment of the U.S. Constitution**

9.

On or about June 5, 2017 Plaintiff, Ms. Watford, drove her car to the address (50 Enchanted View, Fisherville, VA 22929) where John Doe was still executing the subject search warrant referenced in paragraph 8 above, to visit a family member.

10.

After Ms. Watford pulled up and parked the car she was driving across the street from 50 Enchanted View, Fisherville, VA 22929, Ms. Watford was approached by Deputy John Doe, who told Ms. Watford that she had entered an "on-going investigation", to get out of the car she was driving, and to hang up the phone on the person she was talking to at the time.

11.

Ms. Watford complied with John Doe's commands and, after Ms. Watford exited the subject vehicle, John Doe told her that she was being detained because she drove into an "on-going investigation."

12.

After telling Ms. Watford that he, John Doe, was detaining her because, according to John Doe, Ms. Watford drove into an "on-going investigation", Defendant Roane handcuffed Ms. Watford by cuffing her hands behind her back—in front of her two children.

13.

While Ms. Watford was handcuffed, John Doe never searched Ms. Watford for a weapon.

14.

John Doe never asked Ms. Watford did she have a weapon, while both were located at 50 Enchanted View, Fisherville, VA 22929.

15.

John Doe left Ms. Watford handcuffed for more than 15 minutes.

16.

When John Doe removed the handcuffs placed on Ms. Watford, the search of the home located at 50 Enchanted View, Fisherville, VA 22929 was still ongoing.

17.

While John Doe and Ms. Watford were standing near 50 Enchanted View, Fishersville, VA 22929, Roane asked Ms. Watford where she lived, and Ms. Watford told him that she lived at 13 Page Drive, Staunton, VA 24401.

**B. Facts related to unlawful search**

18.

While located at 50 Enchanted View, Fishersville, VA 22929, and when asked by Deputy “CJ” did she have drugs in her house, Ms. Watford responded by saying “no.”

19.

After she told Deputy CJ that she had no drugs in her home, Deputy Roane asked Ms. Watford if he could search her home.

20.

While at located near 50 Enchanted View, Fisherville, VA 22929, Ms. Watford initially gave Roane consent to search her home; but, once Roane and other deputies arrived at Ms. Watford’s home—and before any law enforcement officer entered Ms. Watford’s residence—Ms. Watford asked Roane whether he had a warrant that allowed him to search her home.

21.

Roane responded with anger to Ms. Watford’s question of whether he had a warrant that permitted him to search her residence: Roane said “No we don’t have one [search warrant], but this is why I asked you if we could come,” then Roane said “Oh this is what you want to do, this is what you want to do,” and then Roane got inside a police car and drove away.

22.

After Roane left, John Doe told Ms. Watford that he knew where she lived because once, when Ms. Watford was inside a convenience store—with her wallet on the convenience-store counter near the cash register—John Doe stated that he stole her ID while standing next to her.

23.

Over an hour after getting in a police car and driving away from Ms. Watford's residence, after Ms. Watford asked him whether he had a warrant to enter her home, Roane reappeared with a purported search warrant.

24.

Roane provided Ms. Watford with a copy of an alleged search warrant before law enforcement officers from Augusta County Sheriff Office, including Roane, entered Ms. Watford's home.

25.

After providing Ms. Watford with a copy of an alleged search warrant, Roane and other law enforcement officials entered her home and searched it.

26.

Roane, and other law enforcement officers, searched every room in Ms. Watford's home, including her garage, and couches, and caused damage to her closet walls.

27.

Roane, and other law enforcement officers, also searched a motor vehicle parked in Ms. Watford's driveway allegedly pursuant to the subject search warrant.

28.

Roane, and other law enforcement officers, also searched a neighbors trash can. The search activity has caused a significant disturbance to Ms. Watford's life, including contributing to a decision to evict her from her home.

29.

No drugs were found at Ms. Watford's address pursuant to the alleged search warrant Roane secured to search Ms. Watford's home.

30.

Ms. Watford was not arrested in connection with the search of her home pursuant to the alleged search warrant Roane secure to search Ms. Watford's home.

**COUNT ONE (FEDERAL CLAIM)**
**42 U.S.C. § 1983—FOURTH AMENDMENT VIOLATION**
**REGARDING DEFENDANT JOHN DOE'S**
**UNLAWFUL SEIZURE (ARREST) OF MS. WATFORD**
(*Against Defendant John Doe*)

31.

Ms. Watford hereby reiterates and incorporates by reference the allegations contained in paragraphs 3, 8-17 as if set forth fully herein.

32.

At all times relevant to this Complaint, Ms. Watford had a clearly established right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizure of his person by law enforcement officers such as Defendant John Doe.

33.

***Based on all facts that have been incorporated to support this Count***, John Doe unlawfully seized Ms. Watford because, inter alia, John Doe had no arguable probable cause to arrest Ms. Watford and John Doe's seizure of Ms. Watford was not a terry frisk designed to ensure that Ms. Watford posed no threat to the safety of John Doe or any other nearby officer.

34.

Due to Defendant's unlawful conduct based on the fact incorporated into this count and the allegations within this count, Ms. Watford is entitled to all allowable damages under law.

**COUNT TWO (FEDERAL CLAIM)**
**42 U.S.C. § 1983—FOURTH AMENDMENT VIOLATION REGARDING DEFENDANT ROANE'S UNLAWFUL SEARCH OF MS. WATFORD'S HOME**
(*Against Defendant Michael Roane)*

35.

Ms. Watford hereby reiterates and incorporates by reference the allegations contained in paragraphs 2, 19-30 as if set forth fully herein.

36.

At all times relevant to this Complaint, Ms. Watford had a clearly established right under the Fourth Amendment to the United States Constitution to be free from unreasonable searches of her home by law enforcement officers such as Defendant Roane.

37.

***Based on all facts that have been incorporated to support this Count***, Roane unlawfully searched Ms. Watford's home by unlawfully obtaining a search warrant based on false statements. Roane has absolutely no credible basis to believe that Ms. Watford had drugs in her home; Ms. Watford simply had a child by the brother of

the suspect who resided at 50 Enchanted View, Fishersville, VA 22929, the address where Roane and others conducted a search on the same day that they conducted the subject search of Ms. Watford's home. No informant or anyone else ever told Roane that Ms. Watford was seen dealing drugs or that she was hiding drugs. Having a child by the brother of a suspected drug dealer is not enough to meet the constitutional muster of probable cause sufficient to secure a search warrant for a home.

38.

Due to Defendant Roane's unlawful conduct based on the fact incorporated into this count and the allegations within this count, Ms. Watford is entitled to all allowable damages under law.

**ATTORNEY FEES**

39.

Plaintiff is entitled to reasonable attorney fees under applicable federal and state law.

**PUNITIVE DAMAGES**

40.

The wrongful conduct of Defendants rose to a level that entitles Ms. Watford to punitive damages under applicable law regarding Plaintiff's unlawful search and seizure claims.

## PRAYER FOR RELIEF

**WHEREFORE**, Ms. Watford respectfully prays for the following relief:

1. That this Court exercise jurisdiction over this case and grant a jury trial;
2. That this Court decide, as a matter of law, all issues not required to be determined by a jury;
3. That this Court award all permissible damages recoverable from the Defendants, including general, special, compensatory, punitive, and any other damages deemed appropriate, in an amount to be determined at trial;
4. That this Court permit recovery of reasonable attorney's fees and costs in an amount to be determined by this honorable Court under applicable law; and
5. That this Court grant any additional relief that this Honorable Court deems appropriate under the circumstances.

Respectfully submitted this 26th day of June 2017,

s/ Jessica Sherman-Stoltz
Jessica Sherman-Stoltz (VSB # 90172)

NEXUS CARIDADES ATTORNEYS, INC.
113 Mill Place Parkway, Suite 105A
Verona, VA 24482
540-466-3596/540-301-8158 FAX
jstoltz@nexuscaridades.com
*Counsel for Ms. Watford*