CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
12/21/2017
JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| DESIREE WATFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 5:17-cv-00062 |
| | ) | |
| MICHAEL ROANE, *et al.*, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Desiree Watford's complaint asserts claims under 42 U.S.C. § 1983 against Augusta County Deputy Sheriff Michael Roane and an unidentified defendant, "John Doe," based on events that occurred on or about June 5, 2017. In Count One, Watford alleges that John Doe violated her Fourth Amendment rights under the United States Constitution when he handcuffed her when she arrived at a home where he was executing a search warrant. In Count Two, she alleges that Roane violated her Fourth Amendment rights by searching her home pursuant to a warrant that she alleges was not supported by probable cause. (*See generally* Compl., Dkt. No. 1.)

Pending before the court are two motions, both filed by defendant Roane: (1) a motion to strike and/or for an order to show cause (Dkt. No. 10); and (2) a motion to dismiss (Dkt. No. 5). Both motions have been fully briefed. The court concludes that the materials before it adequately present the facts and legal conclusions, and so it does not need a hearing on either motion. *See* W.D. Va. Civ. R. 11(b); Fed. R. Civ. P. 78(b).

For the reasons set forth in more detail below, the court will deny the motion to strike or for an order to show cause and will grant the motion to dismiss and dismiss the claims against Roane without prejudice.

I. BACKGROUND

On or about June 5, 2017, Watford drove her vehicle to the address of 50 Enchanted View, in Fisherville, Virginia, where Roane and John Doe were executing a search warrant.[1] She was there to visit a family member. After Watford parked her car across the street, Doe approached her, told her she had entered an "ongoing investigation," and directed her to get out of the car and to hang up her phone. Doe told her she was being detained, and Roane handcuffed her hands behind her back. Watford alleges that she was handcuffed for more than fifteen minutes and that, during that time, the deputies did not ask about or search her for weapons. Roane asked Watford where she lived. Another deputy then asked if she had drugs in her home, to which she responded, "No." (Compl. ¶¶ 8–18.)

When Watford gave Roane her address (in Staunton, Virginia), he asked if he could search her home. She initially gave him consent, but after Roane and other deputies arrived there, she revoked that consent and asked whether he had a warrant. Roane told her that he did not have a warrant, said "Oh this is what you want to do, this is what you want to do," and then drove away. He returned approximately one hour later with a "purported search warrant" and provided Watford with a copy before anyone entered her home. Then, Roane and others searched her home, causing damage to her closet walls during the search. They also searched a motor vehicle, "allegedly pursuant to the subject search warrant," and a neighbor's trash can. No

---

[1] Unless otherwise noted, the facts recited in this background section and relied upon below are derived from plaintiff's complaint. (Compl., Dkt. No. 1.) In ruling on this motion under Federal Rule of Civil Procedure 12(b)(6), the court accepts plaintiff's factual allegations as true and construes them in the light most favorable to plaintiff. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 189 (4th Cir. 2010).

2

drugs were found, and Watford was not arrested. (Compl. ¶¶ 19–30.) She claims, though, that the search activity constituted a "significant disturbance to [her] life" and that it "contribut[ed] to a decision to evict her from her home." (*Id.* ¶ 27.)

As noted, Roane is named only in Count Two, which is a claim under 42 U.S.C. § 1983 that the search of Watford's home violated the Fourth Amendment. (*Id.* ¶¶ 35–38.) Therein, she alleges that the search was unlawful because Roane "unlawfully obtain[ed] a search warrant based on false statements." (*Id.* ¶ 37.) She claims that Roane "has absolutely no credible basis to believe that [she] had drugs in her home; [she] simply had a child by the brother of the suspect at the Fisherville home." (*Id.*) She further alleges that "[n]o informant or anyone else ever told Roane that [she] was seen dealing drugs or that she was hiding drugs." (*Id.*)

## II. DISCUSSION

### A. Motion to Strike

Roane has filed a motion to strike Watford's opposition memorandum to the motion to dismiss. In it, he argues that one of the attorneys who electronically signed the document, Mario Williams—who apparently maintains an office in Georgia, but failed to include a physical address on the filing—was not admitted to practice in this court at the time the opposition was filed and had not been admitted *pro hac vice*. Roane contends that the filing violates the local rules of this court. He also cites to the Virginia and Georgia Rules of Professional Conduct in arguing that the filing was improper and should not be considered. (Def.'s Mot. Strike, Dkt. No. 10.)

In response, Watford first argues that Roane is seeking an advisory opinion as to what is actually a motion for sanctions in the guise of a motion to strike, but without all the "attenuated risks of paying plaintiff's attorney fees and costs" if defendant's motion is denied. (Resp. to

3

Pl.'s Mot. Strike 1, Dkt. No. 11.) Watford contends that any allegations of unethical misconduct are untrue and further asserts that because an attorney who is a member of the bar of this court also signed the opposition, the local rules are satisfied. The response also goes on to address various other arguments raised by the motion. (*Id.*)

The court has considered the filings of the parties, including Roane's reply (Dkt. No. 12), and will deny the motion to strike. The court will not go into the minutiae of the arguments raised and notes that the local rules provide that an attorney who is not admitted to practice before this court—either as an admitted member or admitted *pro hac vice* in a particular case—should not appear before this court and should not be signing documents before the court. But the filings on behalf of the defendant here also include the name and electronic signature of an attorney who is admitted to practice before this court. And Mr. Williams—both before and after the motion to strike—had informed the court of his intention to seek admission to the court, which he has now done. (Dkt. Nos. 17, 18 (motion to proceed *pro hac vice* and order granting same).)[2] Furthermore, it is the practice of this court to allow an attorney to appear in a case where the attorney has advised that a motion for admission *pro hac vice* is either pending or forthcoming, at least where there is an admitted attorney also appearing in the case on behalf of the same party. Accordingly, even if Mr. Williams' appearance did not strictly comply with the rules governing the appearance of attorneys in this court, the court does not find that striking the opposition is the appropriate remedy.

**B. Motion to Dismiss**

The court turns next to Roane's motion to dismiss.

---

[2] Several weeks after filing the response to the motion to strike, Williams also informed the court that he is now a member of the bar of the Commonwealth of Virginia. (Dkt. No. 21.)

1. **Standard of Review**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, and establishes "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Unadorned allegations of wrongdoing, "formulaic recitation[s]" of the elements of a claim, and "'naked assertions' devoid of 'further factual enhancement'" are insufficient to state viable claims. *Id.* (quoting *Twombly*, 550 U.S. at 555–57). Thus, when ruling on a motion to dismiss, the court must accept all well-pled facts as true, but it need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Applying these standards here, the court concludes that Watford's claim against Roane must be dismissed.

2. **Section 1983 Claim Alleging a Violation of the Fourth Amendment**

In order to allege violation of 42 U.S.C. § 1983, a plaintiff must assert that she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)). With regard to a Section 1983 claim that a plaintiff's Fourth Amendment rights were violated because an officer improperly obtained a search warrant or because the warrant was not supported by probable cause, courts have recognized that a neutral

magistrate's issuance of a warrant "is the clearest indication that the officers acted in an objectively reasonable manner." *Messerschmidt v. Millender*, 565 U.S. 535, 546–47 (2012). Nonetheless, "a police officer violates the Fourth Amendment if, in order to obtain a warrant, he deliberately or 'with reckless disregard for the truth' makes material false statements or omits material facts." *Miller v. Prince George's Cty.*, 475 F.3d 621, 631 (4th Cir. 2007) (quoting *Franks v. Delaware*, 438 U.S. 154, 155 (1978)). The Fourth Circuit in *Miller* thus explained that a plaintiff could proceed on a claim that a "seizure was unreasonable because it followed from a warrant affidavit that was deficient because it was dishonest" by showing that the defendant "deliberately or with a reckless disregard for the truth made material false statements in his affidavit . . . or omitted from the affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." *Miller*, 475 F.3d at 627 (internal quotations and citations omitted). Thus, such a claim requires both materiality and a certain level of knowledge on the part of the officer. As to the latter, neither negligence nor innocent mistake is sufficient to establish a constitutional violation; deliberate conduct or a reckless disregard is required. *Id.* at 627–28. As to the former, a statement is "material" only if it is "necessary to" a neutral and disinterested magistrate's finding of probable cause. *Id.* at 628; *see also Evans v. Chalmers*, 703 F.3d 636, 649–50 (4th Cir. 2012) (setting forth analysis).

Watford has failed to allege facts sufficient to satisfy either of the showings required by *Miller*. She merely reasons and assumes that false statements must have been made, or material omissions must have been made, because there are no true statements that would support probable cause. But this is insufficient to meet her pleading burden. *See, e.g., Patrick v. City of Petersburg*, No. 3:15-cv-565, 2016 WL 5799311, at *10 (E.D. Va. Sept. 30. 2016) (reasoning that plaintiff's bald assertion "that no evidence supported a finding of probable cause constitutes

6

a legal conclusion that the Court need not accept as true"). Indeed, in *Evans*, the Fourth Circuit reversed the district court's denial of a motion to dismiss an unlawful search and seizure claim where, even though the plaintiff had alleged with specificity four false statements made in their affidavits, the statements were not material. 703 F.3d at 651–52; *see also Massey v. Ojaniit*, 759 F.3d 343, 357 (4th Cir. 2014) (concluding that false statements made by an officer that resulted in an arrest were not material and thus did not constitute a Fourth Amendment violation).

Unlike the plaintiffs in *Evans* and *Massey*, who at least identified false statements with particularity, Watford has failed to identify a single misstatement or omission, and utterly failed to set forth any facts that would meet her pleading burden under *Miller* to show that any false statement or omissions were material. Instead, Watford alleges only in conclusory terms that Roane made false statements to the magistrate to obtain the warrant. And she appears to admit in her briefing that she does not know what statements were made to the magistrate or were omitted. (*See, e.g.*, Pl.'s Opp'n at 2 (noting that plaintiff needs discovery "to begin the process of analyzing on what basis Roane could have possibly claimed to have probable cause"); *see also id.* at 7 (arguing that either Roane should have known that no probable cause existed or he manufactured probable cause).)

As to Watford's argument that Roane should have attached to his motion to dismiss either the warrant or the affidavit presented to obtain it and her related argument that she should be entitled to discovery to obtain those documents (*id.* at 2–3), she is incorrect. A plaintiff is not entitled to discovery when she is "armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. To survive the motion to dismiss, it is simply not enough for Watford to claim that there must have been a false statement made, because otherwise the warrant would not have issued. And that is all that Watford has done here.

Because the court concludes that Watford has failed to state a Fourth Amendment claim against Roane, her claim against him will be dismissed without prejudice.[3] With regard to the remaining claim against the Doe defendant, the court will await the naming of, service upon, and response by the John Doe defendant before scheduling a Rule 16 conference.

III.  CONCLUSION

For the foregoing reasons, Roane's motion to strike or for an order to show cause (Dkt. No. 10) will be denied and Roane's motion to dismiss (Dkt. No. 5) will be granted.  The claim against Roane (Count Two) will be dismissed without prejudice, and Roane will be terminated as a defendant in this case.  An appropriate order will be entered.

Entered: December 21, 2017.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[3] Roane also seeks dismissal on the ground that he is entitled to qualified immunity.  As to this issue, the parties appear to agree about the applicable legal standards.  (*See, e.g.*, Def.'s Mem. Supp. Mot. Dismiss 6–8, Dkt. No. 6 (explaining standards); Pl.'s Opp'n 6, Dkt. No. 9 (Watford acknowledging that there is a "general presumption that officers act in 'good faith' when obtaining a search warrant" and further acknowledging that a "a magistrate's determination of probable cause is entitled to 'great deference.'")).  Thus, suit is permitted (and qualified immunity unavailable) only where "no reasonably competent officer would have concluded that a warrant should issue." *Messerschmidt v. Millender*, 565 U.S. 535, 547 (2012) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Because the court concludes that the claim fails due to a lack of factual allegations, it does not reach the issue of qualified immunity.